UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x
:
TINA MARIE WHITE          :   CIVIL ACTION NO.
    *Plaintiff*    :
:
v.                        :   JURY TRIAL REQUESTED
:
MASSACHUSETTS MUTUAL LIFE :
INSURANCE COMPANY         :   MAY 3, 2018
    *Defendant*   :
---------------------------------------------------x

## COMPLAINT

### INTRODUCTION:

1. This is an action to redress interference and retaliation in violation of the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C § 2612 *et seq.*

### JURISDICTION:

2. Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1331, federal question jurisdiction, as the Plaintiff's claims arise under the laws of the United States, specifically, the FMLA.

### PARTIES:

3. The Plaintiff in this matter, Tina Marie White (hereinafter, "the Plaintiff"), was at all times relevant to this Complaint a resident of the City of Springfield, State of Massachusetts.

4. The Defendant in this matter is Massachusetts Mutual Life Insurance Company (hereinafter, "the Defendant or the Defendant company"), is a company created and existing under the laws of the State of Massachusetts with a principal place of business located at 1295 State Street, Springfield, MA 01101.

## ALLEGATIONS:

5. Plaintiff began her employment with the Defendant on or about December 23, 2003 at Defendant's office located at 1295 State Street, Springfield MA.

6. Plaintiff's division was relocated to 100 Bright Meadow Blvd, Enfield, CT 06082 in 2013 and she remained at that location throughout the remainder of her employment.

7. Plaintiff was employed by the Defendant as an account manager in the TPA division.

8. Towards the end of 2008 Plaintiff took her first FMLA leave of about two and a half weeks due to burn injuries she sustained.

9. In early 2009 after Plaintiff returned from her FMLA leave she was given her first discipline and transferred to a different manager.

10. In December of 2012 Plaintiff took a second FMLA leave due to back issues.

11. Plaintiff returned to work on or about January 30, 2013.

12. Upon Plaintiff's return from her second FMLA leave she was again retaliated against, Plaintiff's supervisor Carolyn Kerr was fabricating complaints against Plaintiff and looking for ways to get her fired.

13. Plaintiff reported to the Defendant HR/Legal department that she felt she was being retaliated against and that it was suspicious this was happening following her return from FMLA.

14. Everything was good and back to normal around mid-2013 through 2017.

15. Plaintiff regularly received good reviews and bonuses in 2014, 2015 and 2016.

16. In 2016 Plaintiff was given a promotion to Advanced Account Manager.

17. On or about April of 2017 Plaintiff went out on another FMLA leave for about five and a half weeks due to carpal tunnel.

18. While Plaintiff was out on leave other employees were supposed to cover Plaintiff's duties.

19. Plaintiff returned to work around the end of May, 2017.

20. When Plaintiff returned from leave Adam Kozloski became her manager; however, no one else on Plaintiff's team was reporting to Adam Kozloski and no explanation was given to Plaintiff as to why her manager changed.

21. Upon Plaintiff's return from leave she was treated differently by her prior manager and co-workers.

22. Around May and June of 2017 Plaintiff made complaints to Kozloski and HR that some of her work was being deleted, that she felt someone was sabotaging her and that every time she was on leave her work was sabotaged. Employees used a shared inbox.

23. Kozloski and HR told Plaintiff they would look into her complaints.

24. On another occasion two employees on Plaintiff's team were out and Plaintiff was covering their duties, another manager offered to help and Carolyn Kerr offered the help to everyone other than Plaintiff.

25. Carolyn Kerr was Plaintiff's manager prior to her leave in April and May of 2017.

26. In June of 2017 Plaintiff was put on probation for swearing at work; however, other employees frequently swear at work and have not been put on probation.

27. On or about November 2, 2017, Plaintiff had a meeting with Kozloski, at that time Plaintiff was told there were no issues with her performance.

28. On or about November 21, 2017, Plaintiff informed Kozloski that she needed another FMLA leave from December 13, 2017 to January 2, 2018.

29. Plaintiff applied for and was approved for the FMLA leave.

30. Plaintiff informed Bethany O'Brien in HR about her concerns with going out for another FMLA leave due to the prior retaliation and sabotage.

31. On or about November 30, 2017, Plaintiff had another meeting with Kozloski and was again told that her performance was good overall.

32. Upon Plaintiff's return from FMLA there were again issues raised.

33. Tasks that were to be done while Plaintiff was out were not done.

34. On or about January 11, 2018, Plaintiff had a meeting with Kozloski at which time Kozloski brought up issues regarding things that had occurred prior to Plaintiff going out on leave that were not raised as issues prior to her leave.

35. Plaintiff complained that every time she comes back from a FMLA leave she is getting written up.

36. On January 19, 2018, Plaintiff was terminated. The reasons Plaintiff was given for her termination were all related to things that had occurred prior to her FMLA leave but that were not raised as issues prior to her leave.

37. The Defendant's stated reason for Plaintiff's termination was a pretext to mask unlawful discrimination/retaliation because of her use of FMLA leave.

**COUNT ONE:** **Interference in violation of the Family Medical Leave Act 29 U.S.C. § 2612 et seq.**

1. Plaintiff repeats and re-alleges paragraphs 1 through 35 inclusive above, and incorporates them as paragraphs 1 through 35 of this First Count as if fully stated herein.

36. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff applied for and utilized leave under the FMLA.

37. The Defendant interfered with Plaintiff's right to FMLA leave by terminating her employment under a false pretext.

38. As a result of the Defendant's interference with the Plaintiff's right to the use of FMLA leave, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to her loss and detriment.

39. As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which she is entitled.

**COUNT TWO:** **Retaliation Pursuant to the Family Medical Leave Act 29 U.S.C. § 2612 *et seq*.**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 35 above as Paragraphs 1 through 35 of this Second Count as if fully set forth herein.

36. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff requested and utilized medical leave under the FMLA.

37. The Plaintiff was retaliated against and subject to adverse employment actions for attempting to exercise and/or exercising her rights under the FMLA in that she was terminated because of her use of FMLA leave.

38. As a result of the Defendant's violation of the FMLA, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to her loss and detriment.

39. As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which she is entitled.

**WHEREFORE,** the Plaintiff requests the following relief:

1. That the Court assume jurisdiction over this matter;

2. back pay;

3. reinstatement or front pay;

4. attorneys' fees and other allowable costs;

5. damages for emotional distress;

6. liquidated damages;

7. punitive damages; and

8. such other relief as the Court deems just and appropriate.

>THE PLAINTIFF,
>TINA MARIE WHITE
>
>By: /s/ Megan L. Michaud
>Megan L. Michaud, Esq.
>Federal Bar No. ct28813
>Cicchiello & Cicchiello, LLP
>364 Franklin Avenue
>Hartford, Connecticut 06114
>Tel: (860) 296-1657
>Fax: (860) 296-0676
>Email: mmichaud@cicchielloesq.com
>Her Attorneys

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------x
:
TINA MARIE WHITE                  :    CIVIL ACTION NO.
   *Plaintiff*                       :
:
v.                                :    JURY TRIAL REQUESTED
:
MASSACHUSETTS MUTUAL LIFE         :
INSURANCE COMPANY                 :    MAY 3, 2018
   *Defendant*                       :
-------------------------------------------------x

## REQUEST FOR TRIAL BY JURY

The Plaintiff, Tina Marie White, hereby requests trial by jury in the above-captioned matter.

            THE PLAINTIFF,
            TINA MARIE WHITE

            By: /s/ Megan L. Michaud
            Megan L. Michaud, Esq.
            Federal Bar No. ct28813
            Cicchiello & Cicchiello, LLP
            364 Franklin Avenue
            Hartford, Connecticut 06114
            Tel: (860) 296-1657
            Fax: (860) 296-0676
            Email: mmichaud@cicchielloesq.com
            Her Attorneys